IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JHON NELSON LEON DURAN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE LINCOLN COUNTY JAIL, in their official capacities; SAM OLSON, ERO Field Office Director, ICE St Paul; in their official capacities; SIRCE E. OWEN, Director Executive office for Immigration Review, in their official capacities; DAVID VENTURELLA, Acting Director, United States Immigration Customs Enforcement, in their official capacities; MARKWAYNE MULLIN, Secretary of Homeland Security in their official capacities; and TODD BLANCHE, Attorney General of the United States, in their official capacities;<br><br>Respondents. | **8:26CV575**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Jhon Nelson Leon Duran's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is subject to mandatory detention as an arriving alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to afford Petitioner a bond hearing.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela and entered the United States without inspection. Filing No. 6 at 3–4. On July 6, 2026, ICE encountered Petitioner at the Keith County Jail in Ogallala, Nebraska. Filing No. 6 at 4. ICE lodged a detainer and

took custody of Petitioner on July 14, 2026, after he served a sentence for criminal trespass. Filing No. 6 at 4.

On the day he was taken into ICE custody, Petitioner accepted incentivized pre-conclusion voluntary departure. Filing No. 6 at 4. He agreed to leave the United States voluntarily at the government's expense on or before October 14, 2026, in exchange for claiming $2,600 upon his return to Venezuela. Filing No. 6 at 4. Petitioner was scheduled for a commercial flight to Venezuela on October 3, 2026, but filed the present Petition on September 28, 2026. Filing No. 6 at 5; Filing No. 1. On September 30, an ICE officer spoke with Petitioner to determine if he still wanted to pursue voluntary departure, and Petitioner stated he did not. Filing No. 6 at 5. Accordingly, DHS revoked the grant of voluntary departure and issued Petitioner a notice to appear for removal proceedings. Filing No. 6 at 5. Respondents have continued to detain Petitioner, and his immigration court hearing is set for November 4, 2026. Filing No. 6 at 5.

Petitioner seeks a writ of habeas corpus ordering Respondents to release him or provide him with a bond hearing. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry. The undersigned has also determined that a non-citizen's detention without the opportunity

for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976). *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case. Accordingly, Petitioner must be released. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . . The typical remedy for such detention is, of course, release."). Should Respondents choose to re-detain Petitioner, they must afford him a bond hearing.

IT IS ORDERED

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on October 26, 2026.**
5. Should Respondents re-detain Petitioner, they must afford him a prompt bond determination hearing.

Dated this 15th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge